1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Lilit Vardanian, State Bar No. 309143
   E-Mail: lvardanian@hurrellcantrall.com
3  Blessing O. Ekpezu, State Bar No. 332308
   E-Mail: bekpezu@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
5  Los Angeles, California 90071
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendant, COUNTY OF RIVERSIDE

8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

| 12 | SHARON CASS, | FEDERAL CASE NO.: |
| 13 | Plaintiff, | STATE CASE NO.: CVRI2201999 [Exempt Pursuant to Cal. Gov. Code §6103] |
| 14 | v. | |
| 15 | COUNTY OF RIVERSIDE; JANET ARVISO; an Individual; BEAUDREA CALLAHAN; an Individual; CLAUDIA SMITH, an Individual; AND DOES 1 TO 10, | **NOTICE OF REMOVAL AND REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446 (FEDERAL QUESTION) ON BEHALF OF DEFENDANT, COUNTY OF RIVERSIDE; DECLARATION OF LILIT VARDANIAN IN SUPPORT THEREOF** |
| 16 | | |
| 17 | | |
| 18 | Defendants. | |
| 19 | | |
| 20 | | [*Filed concurrently with Notice of Interested Parties*] |
| 21 | | |
| 22 | | State Action Assigned to Hon. Harold Hopp, Dept. 10 |
| 23 | | |
| 24 | | Station Action Filed:    05/18/2022<br>Trial Date:               None Set |
| 25 | | |

26  **TO THIS COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

27       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446,

28  Defendant, the COUNTY OF RIVERSIDE, hereby removes this action from the

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Superior Court of the County of Riverside to the United States District Court,

2  Central District of California, on the following basis:

3       1.     On May 18, 2022, Plaintiff, SHARON CASS ("Plaintiff") filed a

4  complaint in the Superior Court of the County of Riverside, in the action entitled

5  *Cass, Sharon v. County of Riverside, et al.*, Case No. CVRI2201999 (the

6  "Complaint"). Decl. of Lilit Vardanian ("Vardanian Dec."), ¶ 4, Exh. A.

7       2.     Plaintiff served the Summons and Complaint on Defendant, COUNTY

8  OF RIVERSIDE (the "County") on July 13, 2022. Vardanian Dec., ¶ 5, Exh. A.

9       3.     The Complaint alleges the following nine (9) causes of action: (1)

10  Racial Discrimination [Cal. Gov. Code § 12940(a)]; (2) Racial Discrimination [42

11  U.S.C. § 1981(a)]; (3) Racial Harassment [Cal. Gov. Code § 12940]; (4) Retaliation

12  [Cal. Gov. Code § 12940(h)]; (5) Disability Discrimination [Cal. Gov. Code §

13  12940(a)]; (6) Failure to Accommodate [Cal. Gov. Code § 12940(m)]; (7) Failure to

14  Engage in the Interactive Process [Cal. Gov. Code § 12940(n)]; (8) Failure to

15  Prevent Discrimination and Harassment [Cal. Gov. Code § 12940(k)]; and (9)

16  Intentional Infliction of Emotional Distress. Vardanian Dec., ¶ 6. Plaintiff alleges

17  her Second Cause of Action, a federal claim for racial discrimination under 42

18  U.S.C. section 1981(a), against the County. *Id.*

19       4.     Accordingly, the County removes this action on the basis of Federal

20  Question Jurisdiction to this Court, pursuant to 28 U.S.C. section 1441(a), under

21  which "any civil action brought in a State court of which the district courts of the

22  United States have original jurisdiction, may be removed by the defendant . . . ." 28

23  U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446 (procedures for removal). Venue is

24  proper in this Court as the alleged wrongful conduct occurred in the County of

25  Riverside. 28 U.S.C. §§ 84(c)(2), 1391, 1446. Vardanian Dec., ¶ 7.

26       5.     Further, this Court has jurisdiction over the remaining state law claims

27  because all of Plaintiff's claims derive "from a common nucleus of operative fact."

28  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. §§

1  1367(a) and 1441)(c).  Vardanian Dec., ¶ 6.

2      6.    The County is filing this Notice of Removal with this Court less than

3  thirty (30) days after Plaintiff served this Defendant with the operative Complaint,

4  on July 13, 2022.  Vardanian Decl. ¶ 8.

5      7.    The County is also filing this Notice of Removal in this Court, and in

6  the Superior Court in the County of Riverside, where Plaintiff initially filed this

7  action.  Vardanian Decl., ¶ 9.

8

9  DATED: August 12, 2022        HURRELL CANTRALL LLP

10

11

12                    By: _____

13                    THOMAS C. HURRELL
LILIT VARDANIAN

14                    BLESSING O. EKPEZU
Attorneys for Defendant,

15                    COUNTY OF RIVERSIDE

-3-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## DECLARATION OF LILIT VARDANIAN

I, Lilit Vardanian, declare:

1.      I am an attorney at law, duly licensed to practice before this Court, and an associate attorney with Hurrell Cantrall LLP, attorneys of record for Defendant COUNTY OF RIVERSIDE (the "County").

2.      The facts set forth herein are of my own personal knowledge and if called upon to testify to the truth thereof, I could and would competently do so.

3.      I make this declaration in support of the County's Notice of Removal.

4.      On May 18, 2022, Plaintiff, SHARON CASS ("Plaintiff") filed a complaint in the Superior Court of the County of Riverside, in the action entitled *Cass, Sharon v. County of Riverside, et al.*, Case No. CVRI2201999 (the "Complaint").

5.      Plaintiff served the Summons and Complaint on the County on July 13, 2022.  A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**.

6.      The Complaint alleges the following nine (9) causes of action: (1) Racial Discrimination [Cal. Gov. Code § 12940(a)]; (2) Racial Discrimination [42 U.S.C. § 1981(a)]; (3) Racial Harassment [Cal. Gov. Code § 12940]; (4) Retaliation [Cal. Gov. Code § 12940(h)]; (5) Disability Discrimination [Cal. Gov. Code § 12940(a)]; (6) Failure to Accommodate [Cal. Gov. Code § 12940(m)]; (7) Failure to Engage in the Interactive Process [Cal. Gov. Code § 12940(n)]; (8) Failure to Prevent Discrimination and Harassment [Cal. Gov. Code § 12940(k)]; and (9) Intentional Infliction of Emotional Distress.  Plaintiff alleges her Second Cause of Action, a federal claim for racial discrimination under 42 U.S.C. section 1981(a), against the County.

7.      The wrongful conduct alleged in the Complaint occurred in the County of Riverside.

8.      The County is filing this Notice of Removal with this Court less than

1  thirty (30) days after Plaintiff served this Defendant with the operative Complaint,

2  on July 13, 2022.

3       9.      The County is also filing this Notice of Removal in this Court, and in

4  the Superior Court in the County of Riverside, where Plaintiff initially filed this

5  action.

6

7       I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct.

9       Executed on August 12, 2022, in Los Angeles, California.

10

11

12                                                    LILIT VARDANIAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Riverside on 05/18/2022 10:40 AM
Case Number CVRI2201999 0000021691789 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Riverside; Janet Arvisu, an Individual; Beaudrea Callahan, an Individual; Claudia Smith, an Individual; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sharon Cass

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>RECEIVED<br><br>CLAIM#_____ SUM#**22-082**<br><br>JUL 1 3 2022<br><br>CLERK OF THE BOARD OF SUPERVISORS<br>COUNTY OF RIVERSIDE, STATE OF CALIFORNIA<br>BY:_____<br>Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside County Superior Court<br>4050 Main Street, Riverside, CA 92501 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CVRI2201999 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Emmanuel C. Akudinobi; 3435 Wilshire Blvd., Ste., 1520, Los Angeles, CA 90010. (213) 387-0869

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 05/18/22 | Clerk, by<br>*(Secretario)* _Araceli Amezcua_ | Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

GC68150(g)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

 under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

07/14/2022

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**     CVRI2201999

**Case Name:**     CASS vs COUNTY OF RIVERSIDE

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 10  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 05/19/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _A. Amezcua_

A. Amezcua, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

07/14/2022

Electronically FILED by Superior Court of California, County of Riverside on 05/18/2022 10:40 AM
Case Number CVRI2201999 0000021691786 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Aracell Amezcua, Clerk

1 | Emmanuel C. Akudinobi, SBN 188903
Chijioke O. Ikonte, SBN 206203
2 | AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
3 | Los Angeles, CA 90010
Tel. (213) 387-0869
4 | Fax (213) 387-0969

5 | Attorneys for Plaintiffs:
Sharon Cass

6

**SUPERIOR COURT OF THE STATE OF CALIFORNI§A**

7

**FOR THE COUNTY OF RIVERSIDE**

8

| SHARON CASS, | CASE NO. CVRI2201999 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | (1) **RACIAL DISCRIMINATION IN VIOLATION OF CA GOVT CODE §12940(a);**<br>(2) **RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981(a);**<br>(3) **RACIAL HARASSMENT IN VIOLATION OF CA GOVT. CODE § 12940**<br>(4) **RETALIATION IN VIOLATION OF CA GOVT. CODE § 12940(h);**<br>(5) **DISABILITY DISCRIMINATION IN VIOLATION OF CA GOVT. CODE §12940(a)** |
| COUNTY OF RIVERSIDE; JANET ARVISO; an Individual; BEAUDREA CALLAHAN; an Individual; CLAUDIA SMITH, an Individual; AND DOES 1-10, | |
| Defendants. | |

_9
20
21
22
23
24
25
26
27
28

**AKUDINOBI & IKONTE**
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 ▪ Fax (213) 387-0969

**COMPLAINT FOR DAMAGES**

1

(6) **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF CA GOVT. CODE § 12940(m)**
(7) **FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCEES IN VIOLATION OF CA GOVT. CODE § 12940(n);**
(8) **FAILURE TO PREVENT DISCRIMINATION AND HARASSMNT IN VIOLATION OF CA GOVT. CODE § 2940(k);**
(9) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**[JURY TRIAL REQUESTED]**

**COMES NOW,** the Plaintiff, SHARON CASS, alleges as follows:

## I
## PARTIES & JURISDICTION

1. The Plaintiff is an African-American female and at all times relevant herein was employed as an Office Assistant II with the Riverside County Department of Mental Health.

2. The Defendant, COUNTY OF RIVERSIDE is a public entity headquartered in the City of Riverside.

3. All the events concerning this lawsuit took place in the City and County of Riverside.

4. The Plaintiff is informed and belief and thereon allege that the defendant, JANET ARVISU is a female of Hispanic descent and at all times relevant herein, was an employee of the defendant COUNTY OF RIVERSIDE, and had supervisory authority over the Plaintiff.

5. The Plaintiff is informed and belief and thereon allege that the defendant, BEAUDREA CALLAHAN, is a female of Caucasian descent and at all

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0969

COMPLAINT FOR DAMAGES

2

07/14/2022

times relevant herein, was an employee of the defendant COUNTY OF RIVERSIDE, and had supervisory authority over the Plaintiff.

6.  The Plaintiff is informed and belief and thereon allege that the defendant, CLAUDIA SMITH , is a female of African-American descent and at all times relevant herein, was an employee of the defendant COUNTY OF RIVERSIDE, and held the post of Administrator of her department with supervisory authority over both defendants' ARVISU and CALLAHAN.

7.  The true names and identities of the individuals or entities sued as DOES 1-10 is currently unknown to the Plaintiff, hence their designation as DOES. The Plaintiff hereby reserves her right to amend her lawsuit upon ascertainment of the true names and/or identities of the DOE defendants.

8.  The Plaintiff is required to comply with the exhaustion of administrative remedies prescribed by the CA *Govt. Code* and has done so by obtaining a Right-To-Sue letter.

9.  Prior to exhaustion of her administrative remedies, the Plaintiff had been pursuing a Worker's Compensation that devolved out of the same common nucleus of operative facts upon which the instant lawsuit is premised.

## II

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Prior to working under the supervision of ARVISU and CALLAHAN, the Plaintiff worked under the supervision of Stacy Harp for 8 and half years. Plaintiff was regularly praised by Harp for her dedication and hard work and often told her she wished she had two of her under her supervision.

11. After Stacy Harp retired in December 2015, ARVISU and CALLHAN became the Plaintiff's new supervisors.

12. By the time Stacy Harp retired, the Plaintiff was classified as an Office Assistant II, with seniority and the requisite experience within the County.

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 ▪ Fax (213) 387-0969

**COMPLAINT FOR DAMAGES**

3

07/14/2022

13. As at December 2015, the Plaintiff's department was having a problem with filing and her new supervisors announced that 3 new filing clerks will be hired to alleviate the problem.

14. Instead of hiring the 3 new clerks as promised, Plaintiff's supervisors conspired and designated her the filing clerk for her department.

15. The Plaintiff was basically relieved of all her other responsibilities as an Office Assistant II and was assigned the sole responsibility of handling all filing, such that the Plaintiff was forced to be on her knees for up to 3-4 hours a day breaking down files, packaging files for archives etc., without any help from any of her co-workers.

16. Plaintiff complained about the discriminatory nature of her assignment and in return, was ostracized by the management who labeled her a misfit who is not a team player. Plaintiff was thereafter excluded from departmental or her teams' meetings.

17. After a while, the excessive filing and the long hours plus the ostracism and discriminatory assignment started taking a toll on the Plaintiff.

18. Because of the deleterious effect of the treatment at work on the Plaintiff, she was forced to go on a disability leave in 2016. She filed a psyche claim for work place injuries on April 16, 2016.

19. Shortly after her psyche claim, ARVISU was made SMITH's secretary, effective April 22, 2016.

20. In Fall of 2016, the department sent out a memo mandating all clerical staff to do one (1) hour mandatory filing a day. The mandatory filing was only enforced against the Plaintiff.

21. The Plaintiff was placed on a work limitation on or about March 2017, because of both the physical and mental injuries she suffered on the job. Defendant SMITH ignored the limitations order.

22. The ostracism and differential treatment continued unabated. The hostility against the Plaintiff culminated in a physical attack on her on or about April

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0969

COMPLAINT FOR DAMAGES

4

07/14/2022

1    7, 2017, by Steve Serrato one of her Hispanic male co-workers. Although

2    she complained about the attack, Plaintiff is informed and belief that nothing

3    was done about her complaint, despite COUNTY's espoused zero work

4    place violence policy.

5    23.    Plaintiff was repeatedly injured on the job because the defendants would not

6    accommodate the restrictions placed by her treating physicians due to the

7    injuries she suffered on the job.

8    24.    Because of the defendants' failure to accommodate the Plaintiff's injuries,

9    she was forced to elect for disability retirement in February 2020.

10   25.    Plaintiff was diagnosed and is still undergoing PTSD (posttraumatic stress

     disorder) as a result of the injuries sustained on the job.

1    26.    Plaintiff has an ongoing Worker's Compensation claim against the

2    defendants as a result of the deleterious effect of the differential treatment

3    she was subjected to by the defendants.

**FIRST CAUSE OF ACTION**

4

**Racial Discrimination in Violation of CA *Govt. Code* § 12940(a) As Against the**

5

**County**

6

7    27.    The allegations of paragraphs 1-26 above are hereby re-alleged and

8    incorporated by reference as if set in full.

.9   28.    It is against the law to discriminate against an employee on account of his or

20   her race.

21   29.    The County defendant discriminated against the Plaintiff with regards to the

22   terms, conditions and privileges of her employment.

23   30.    The discrimination against the Plaintiff was on account of her race.

24   31.    The Plaintiff is informed and believes and thereon alleges that

25   discrimination against her was intentional and purposeful.

26   32.     As an actual and proximate result of the discrimination against the Plaintiff,

27   she was damaged in an amount subject to offer of proof.

**SECOND CAUSE OF ACTION**

28

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0969

COMPLAINT FOR DAMAGES

5

07/14/2022

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0869

**Racial Discrimination in Violation of 42 USC § 1981(a) Against the County**

33. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

34. It is against the law to discriminate against an employee on account of his or her race.

35. The County defendant discriminated against the Plaintiff with regards to the terms, conditions and privileges of her employment.

36. The discrimination against the Plaintiff was on account of her race.

37. The Plaintiff is informed and believes and thereon alleges that discrimination against her was intentional and purposeful.

38. As an actual and proximate result of the discrimination against the Plaintiff, she was damaged in an amount subject to offer of proof.

**THIRD CAUSE OF ACTION**

**Racial Harassment in Violation of CA Govt. Code § 12940(h) As Against the County and Individual Named Defendants**

39. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

40. It is against the law to harass an employee on account of her race.

41. The Plaintiff is informed and believes and thereon alleges that the defendants and each of them harassed her on account of her race.

42. The Plaintiff is equally informed and believes that the harassment against was intentional and purposeful, and done with the tacit and/or overt approval of the defendants and each them.

43. As an actual and proximate result of the harassment, the Plaintiff was damaged in an amount subject to offer of proof.

**FOURTH CAUSE OF ACTION**

**Retaliation in Violation of CA Govt. Code § 12940(h) As Against the County**

COMPLAINT FOR DAMAGES

6

07/14/2022

44. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

45. It is against the law to retaliate against an employee because he or she engaged in a protected activity.

46. The Plaintiff is informed and belief and thereon allege that the defendant retaliated against her for engaging in a protected activity, notably, complaining against discrimination and harassment and the deleterious effect of such on her.

47. The Plaintiff is informed and believes and thereon alleges that in response to her complaints defendant ostracized her and made her workplace more unbearable and ultimately forced her into disability retirement, amidst other adverse actions.

48. As an actual and proximate result of the actions of the defendant and each of them, the Plaintiff was damaged in an amount subject to the offer of proof

## FIFTH CAUSE OF ACTION
### Disability Discrimination in Violation of CA Govt. Code § 12940(a) As Against the County

49. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

50. It is against the law to discriminate against a person on account of his or her disability or fail to accommodate the person's disability.

51. The Plaintiff is informed and believes and thereon alleges that the defendant was informed of her disability as a result of the repetitive work she was singled out to do.

52. The Plaintiff is informed and believes and thereon alleges that despite knowledge of her disability, the defendant failed to accommodate her disability.

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0969

07/14/2022

53. The Plaintiff is further informed and believes and thereon alleges that the defendant's knowledge of and failure to accommodate her disability was purposeful and intentional.

54. As an actual and proximate result of the actions, the Plaintiff was damaged in an amount subject to offer of proof.

## SIXTH CAUSE OF ACTION

### Failure to Accommodate in Violation of CA Govt. Code § 12940(m) As Against the County

55. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

56. It is against the law to discriminate against a person on account of his or her disability or fail to accommodate the person's disability.

57. The Plaintiff is informed and believes and thereon alleges that the defendant was informed of her disability as a result of the repetitive work she was singled out to do.

58. The Plaintiff is informed and believes and thereon alleges that despite knowledge of her disability, the defendant failed to accommodate her disability.

59. The Plaintiff is further informed and believes and thereon alleges that the defendant's knowledge of and failure to accommodate her disability was purposeful and intentional.

60. As an actual and proximate result of the above failure, the Plaintiff was damaged in an amount subject to offer of proof.

## SEVENTH CAUSE OF ACTION

### Failure to Engage in Good-faith Interactive Process in Violation of CA Govt. Code § 12940(n) As Against the County

61. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0969

COMPLAINT FOR DAMAGES

8

07/14/2022

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0969

62. It is against the law to for an employer to fail to engage in a timely, good faith interactive process with an employee such as the Plaintiff.

63. The Plaintiff is informed and believes and thereon alleges that the defendant was alerted of her need to be reasonably accommodated regarding her disability.

64. The Plaintiff is equally informed and believes and thereon alleges that despite such knowledge and the defendant's statutory obligation to engage in a good-faith interactive process regarding her known disability the

65. The Plaintiff is further informed and believes and thereon alleges that the defendant's failure to engage in a good-faith interactive process was purposeful and intentional.

66. As an actual and proximate result of the failure as set forth above, the Plaintiff was damaged in an amount subject to offer of proof.

## EIGHTH CAUSE OF ACTION
### Failure to Prevent Discrimination, Harassment and Retaliation in Violation of CA Govt. Code § 12940(k) As Against the County

67. The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

68. It is against the law for the County to fail to take all reasonable steps to prevent discrimination and harassment.

69. The Plaintiff is informed and believes and thereon alleges that the County is aware of its obligation under the law to take all reasonable steps to prevent discrimination and harassment.

70. The Plaintiff is further informed and believes and thereon alleges that despite knowledge of its statutory duty to prevent discrimination and harassment, the defendant allowed both to thrive.

COMPLAINT FOR DAMAGES

9

07/14/2022

AKUDINOBI & IKONTE
3435 Wilshire Blvd, Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0859

71.    As an actual and proximate result of the defendant's failure to carry out its statutory obligations, the Plaintiff was harmed in an amount subject to the offer of proof.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress as Against All Defendants

72.    The allegations of paragraphs 1-26 above are hereby re-alleged and incorporated by reference as if set in full.

73.    It is against the law for a defendant to intentionally inflict emotional distress against a Plaintiff or to allow other people within his or her control to do so.

74.    The defendants and each of them had supervisory powers of the Plaintiff.

75.    The defendants and each of them knew that the Plaintiff is susceptible to emotional distress by virtue of their actions against her.

76.    Notwithstanding such knowledge, the defendants and each of them subjected the Plaintiff to emotional distress.

77.    The emotional distress the Plaintiff was subjected to was intentional, severe pervasive and traumatic.

78.    The defendants and each of them knew that Plaintiff will suffer emotional distress as result of their action. Notwithstanding such knowledge the persisted in their actions.

79.    As an actual and proximate result of the defendants' actions as outlined above the Plaintiff suffered severe emotional distress all to her damages in an amount subject to the offer of proof.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff prays for damages as to all their causes of action as follows:

1.  For general and compensatory damages for each of her causes of action;

2.  For punitive damages as to the individual named defendants only;

3.  For reasonable attorneys' fees and costs per statute;

07/14/2022

1    4. For such other and further relief as the Court may deem just and proper.

2

3    Dated: May 17, 2022                    Law Offices of Akudinobi & Ikonte,

4

5                                           By:    /ss/
                                            Emmanuel C. Akudinobi
                                            Chijioke O. Ikonte
6                                           Attorneys for the Plaintiff
                                            Sharon Cass_____

7    _____

8

9

10

1

2

3

4

5

6

7

8

.9

20

21

22

23

24

25

26

27

28

AKUDINOBI & IKONTE
3435 Wilshire Blvd., Suite 1520
Los Angeles, CA 90010
Tel. (213) 387-0869 • Fax (213) 387-0869

**COMPLAINT FOR DAMAGES**                              11

07/14/2022